

**SO ORDERED.**

**SIGNED this 29 day of August, 2007.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| ALBERT CARLSON CRICKMORE<br>SHARON WHITE CRICKMORE | 07-01350-5-ATS |
|      DEBTORS | |

### ORDER REGARDING OBJECTION TO CONFIRMATION

The matter before the court is the objection filed by Wells Fargo Financial North Carolina 1, Inc. to confirmation of the chapter 13 plan filed by the debtors. A hearing took place in Raleigh, North Carolina on August 21, 2007.

Albert Carlson Crickmore and Sharon White Crickmore filed a petition for relief under chapter 13 of the Bankruptcy Code on June 22, 2007. The debtors proposed a plan that would modify the rights of Wells Fargo, a creditor whose mortgage loan is secured by a deed of trust on the debtors' residence. The debtors propose to modify the loan pursuant to 11 U.S.C. §§ 1322(c)(2) and 1325(a)(5) by reducing the interest rate, lowering the amount of the monthly payments, making the final payment a balloon payment, and extending the term. The balloon payment is to occur after refinancing the debt secured by the residence, at some point before the completion of the plan's term on December 31, 2011. Wells Fargo

objects to the proposed treatment, arguing that the manner in which debtors seek to modify the loan is prohibited by 11 U.S.C. § 1325(a)(5)(B)(iii)(I).

While § 1322(b)(2) of the Bankruptcy Code prohibits bifurcation of Wells Fargo's claim, other modifications of the claim (such as extension of payment terms) are permissible in this case under § 1322(c)(2). Since the last payment on the mortgage loan becomes due prior to the end of the debtors' chapter 13 plan, the debtors may modify Wells Fargo's claim in accordance with the requirements of § 1325(a)(5). 11 U.S.C. § 1322(c)(2). Among other things, § 1325(a)(5) requires that if "property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts . . . ." 11 U.S.C. § 1325(a)(5)(B)(iii)(I). Wells Fargo contends that a series of equal monthly payments followed by a larger balloon payment does not constitute periodic payments in "equal monthly amounts," thus the proposed plan does not comply with § 1325(a)(5). Wells Fargo further argues that the prospect of future refinancing is extremely speculative and causes the plan to fail for lack of feasibility. However, the debtors seek to present evidence related to this point at a future hearing and the parties agreed to reserve any arguments on feasibility for another day.

Based on a review of the statutory provision in question, as well as the case law interpreting the statute, the court finds that the plan as proposed fails to meet the requirements of § 1325(a)(5). The language of § 1325(a)(5)(B)(iii)(I), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, explicitly states that if property to be distributed is in the form of periodic payments, the payments must be in equal amounts. A series of payments followed by a balloon payment in a different amount does constitute equal payments for purposes of § 1325(a)(5)(B)(iii)(I). See, e.g., In re Lemieux, 347 B.R. 460 (Bankr. D. Mass. 2006).

2

However, an interesting alternative approach presented by the recently decided case, In re Porter, merits consideration. Independent Mortg. Co. v. Porter (In re Porter), – B.R. –, 2007 WL 1941805 (Bankr. D. Pa. June 15, 2007). After the court in Porter rejected a proposed plan involving interest only payments followed by a balloon payment, an imaginative attorney fashioned a plan that paid interest only to the trustee, but deferred distribution to the creditor until the end of the plan, when the debtors would either sell or refinance. According to the court, "[t]his complied with the literal requirements of § 1325(a)(5)(B)(iii) since only one 'distribution' to the creditors would occur." Id. at *1. The plan also provided that the creditor could waive the requirements of § 1325(a)(5)(B)(iii) in order to receive distributions of the interest payments from the trustee. Id. Finally, the plan provided that if the confirmed bankruptcy case were dismissed, the trustee would release the interest only fund to the creditor, rather than returning it to the debtors. Id. at 2-3. This court agrees that such an approach meets the literal requirements of the Code, although depending on the facts of a particular case, feasibility concerns may bar confirmation.[1]

At the hearing, the debtors showed a willingness to modify their plan in response to suggestions by the trustee, and the court anticipates that a modification similar to that in Porter will be forthcoming. If the debtors modify the plan so that the treatment of Wells Fargo's loan complies with § 1325(a)(5), a hearing will be held to consider issues of feasibility and the determination of an appropriate interest rate. As

---

[1] In fact, the court in Porter ultimately denied confirmation of the plan, citing concerns with both good faith and feasibility. Specifically regarding feasibility, the court noted the potential for unforeseen events which might thwart a planned sale/refinancing when postponed for 3 to 5 years in the future.

proposed, however, the plan fails to meet the requirements of § 1325(a)(5) because it does not provide for equal payments.

Accordingly, the creditor's objection to confirmation is **ALLOWED**, but the debtors shall have 10 days to amend their plan to comply with § 1325(a)(5).

**SO ORDERED**.

**END OF DOCUMENT**