SO ORDERED.

SIGNED this 06 day of December, 2007.



_____
**A. Thomas Small**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                                    CASE NO.

**ALBERT CARLSON CRICKMORE**                   07-01350-5-ATS
**SHARON WHITE CRICKMORE**

      **DEBTORS**

### ORDER DENYING OBJECTION TO CONFIRMATION

The matter before the court is the objection to confirmation filed by Wells Fargo Financial

North Carolina 1, Inc.  A hearing took place in Raleigh, North Carolina on December 4, 2007.

Albert Carlson Crickmore and Sharon White Crickmore filed a petition for relief under

chapter 13 of the Bankruptcy Code on June 22, 2007.  The debtors proposed a plan that would

modify the rights of Wells Fargo, a creditor whose mortgage loan is secured by a deed of trust on

the debtors' residence, and Wells Fargo objected.  The court entered an order on August 29, 2007,

addressing Wells Fargo's objections and setting forth plan terms that would allow for confirmation

under 11 U.S.C. § 1325(a)(5)(B)(iii).  The order provided that the debtors could modify their plan

consistent with that opinion, and that the court would hold a hearing to consider issues of feasibility

and the determination of an appropriate interest rate.

The Crickmores did file an amended plan, which provides the following treatment for Wells

Fargo's claim:

Modify the interest rate to 7.5%. The principal amount in the claim shall accumulate interest on a simple interest basis in the amount of $320.93 per month.

From the debtors' plan payments the Trustee shall accumulate the sum of at least $400.00 per month to be held in trust for the exclusive benefit of and the ultimate distribution to Wells Fargo. Upon confirmation of the plan, Wells Fargo shall be deemed to have a lien on the funds held by the trustee. The accumulation shall be limited to $400.00 per month until the following claims have been paid:
   a) All priority claims.
   b) The secured claim of Wake County Revenue Collector.
   c) the arrearap claim of Well Fargo Financial bank. (This debt is a second mortgage loan secured by the debtors' residence).
   d) The dividend to unsecured creditors in the amount of $10,683.00, plus interest at  8% from the effective date of the plan.

After the payment of these claims, the Trustee shall accumulate all funds paid in to the plan for the benefit of Wells Fargo.
   a) In the absence of Wells Fargo requesting distributions, as set out in subparagraph (b), the Trustee shall distribute to Wells Fargo the entire accumulative fund in one lump sum at such time as the debtors tender other funds, either through the sale of the property or the refinancing of the loans secured by the property, to pay the claim in full.
   b) Wells Fargo may request distributions of the accumulated funds, in whole or in part, at any time after confirmation.
   c) In the event the case is dismissed or converted to Chapter 7, the accumulated funds shall be distributed to Wells Fargo.

In any event, the claim of Wells Fargo shall be paid in full on or before December 31, 2011.

* * *

A. Alternative Provisions for Curing of the Arrearage on Mortgage Claims.
   i. FIRST OPTION: The payments shall be in periodic payments that will not necessarily be equal.  Payments shall be in such amounts as are available for distribution on a monthly basis after paying other secured debts and priority claims as set out in this plan. . . .
   ii. SECOND OPTION: If the creditor objects to the first option set out above and does not desire to receive unequal periodic payments.  The Trustee shall accumulate funds as they are available and make one lump sum distribution to the creditor when he has accumulated funds sufficient to pay the arrearage claim in full.

> In the event the stay is lifted . . . prior to the distribution to the creditor, then no distribution shall be made to the creditor on its arrearage claim.

Second Amended Chapter 13 Plan, § IV.2.

Wells Fargo objects to the second amended plan, contending that there is no basis for the 7.5% interest rate, and that the final payment is based on pure speculation. At the hearing, Wells Fargo repeated its arguments from its prior objection to confirmation, contending that its claim cannot be modified.

As discussed in the order of August 29, 2007, the claim can be modified pursuant to §§ 1322(c) and 1325(a)(5). The only possible problem with the debtors' amended plan is the periodic payments proposed as the "First Option." As this court noted in the prior order, if the property to be distributed is in the form of periodic payments, the payments must be in equal amounts. The debtors first proposed to make unequal periodic payments, but they also provided an alternative that would eliminate periodic payments by making one lump sum distribution to the creditor when there are sufficient funds accumulated by the trustee to satisfy the entire arrearage claim.

With respect to the interest rate, Till v. SCS Credit Corp., 541 U.S. 465 (2004), sets forth a formulaic approach to setting interest rates for modified claims in chapter 13 cases. Under the Till formula, the interest rate begins at the national prime rate, and may be increased at the court's discretion to account for any perceived risk factor based on the facts and circumstances. Here, the interest rate will be the current prime rate, 7.5%.[1] There is no risk factor because the debtors have significant equity in the property[2] and Mr. Crickmore's testimony indicates that the debtors will be

---

[1] Prime rate according to the Wall Street Journal, Dec. 6, 2007, at C12.

[2] The debtors believe their property is worth approximately $115,000, and the recently assessed tax value is $121,000. The debtors estimate that in one year, the total balance of the two mortgages held by Wells Fargo plus fees and costs of refinancing will be approximately $85,000.

3

able to make the plan payments.  Additionally, there is a strong likelihood that the debtors will be able to refinance their loan.  If the debtors should default in their payments, the costs incurred by Wells Fargo should be covered by the ample equity.

Wells Fargo contends that the debtors' plan is not feasible, as the possibility of refinancing or selling the property several years into the future is too speculative.  The debtors presented the testimony of Paul Dennis Stephenson, Mortgage Originator, which strongly supports the conclusion that the debtors will be able to refinance the property.  Mr. Stephenson's testimony indicated that his company's guidelines for loans to individuals during a bankruptcy case include receipt of a satisfactory plan payment history for the twelve months preceding the loan application.  Because the debtors have filed a five-year plan, and in order to protect Wells Fargo's interest in the property, the debtors must submit an application to refinance their indebtedness to Wells Fargo in no less than one year from the date of this order.

Finally, Wells Fargo maintains that the debtors' plan was not filed in good faith.  However, the Bankruptcy Code permits the proposed treatment of Wells Fargo's claim, and the court cannot find that it is bad faith to do what the Bankruptcy Code allows.  Based on the foregoing, the objection to confirmation is **DENIED**.  The chapter 13 trustee, John F. Logan, shall hold in trust a portion of the debtors' plan payments in accordance with the plan for the benefit of Wells Fargo.

**SO ORDERED**.

**END OF DOCUMENT**